IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY GILES and HENRY STEPHENS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CV No. 13-00020-N |
| | ) |
| WINN-DIXIE MONTGOMERY, LLC, et al, | ) |
| | ) |
| Defendants. | ) |

ORDER

This action is before the Court on the following: plaintiffs' motion (doc.42) to reconsider the Court's Order and Judgment entered on January 23, 2014 (docs. 40, 41); defendant's response in opposition (doc. 43), and plaintiffs' reply (doc. 44). Upon consideration of the motion, the response, and reply, and for the reasons set out below, the motion is DENIED.

Plaintiffs fail to identify the procedural avenue they employ to assert their motion. However, it is a timely motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." *See, e.g., Green v. Drug Enforcement Admin.*, 606 F.3d 1296, 2010 WL 1993846, *1 (11th Cir. May 19, 2010) (explaining that lower courts have almost without exception treated post-judgment motions to reconsider as Rule 59 motions, regardless of their label).

The decision to grant or deny a motion to reconsider is left to the sound discretion of the trial court. *Chapman v. AI Transportation*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (en banc). "The three primary grounds that justify reconsideration are: '(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.'" *Delaware Valley Floral Group, Inc. v. Shaw Rose Nets, LLC,* 597 F.3d 1374, 1383 (Fed. Cir. 2010) (citations omitted); *see also Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1151 -1152 (11th Cir. 2011) ("We note also that many cases recognize that a change in controlling law is one of the core reasons for filing and granting a motion for reconsideration.") (collecting cases). However, it is well settled that a motion for reconsideration "cannot be brought solely to relitigate issues already raised in an earlier motion." *Harris v. Corrections Corp. of America*, 2011 WL 2672553, 1 (11th Cir. July 11, 2011) citing *Michael Linet, Inc. v. Vill. of Wellington,* 408 F.3d 757, 763 (11th Cir. 2005); *Hughes v. Stryker Sales Corp.,* 2010 WL 2608957, at *3 (S.D. Ala. June 28, 2010) ("Nor may a party properly utilize a motion to reconsider as a vehicle for rehashing arguments considered and rejected in the underlying order.").

Plaintiffs move the Court to reconsider the order granting the defendant's motion for summary judgment and reverse said order on the grounds, in sum, that the Court erred in finding that the store video does not show the mop touching the floor where plaintiff stood. As a result, plaintiffs

also argue that the Court's timeline of the events leading up to plaintiff's fall is flawed. Plaintiffs further take issue with the Court's citations to cases regarding speculative theories of liability. In response, defendant maintains that plaintiffs' motion should be summarily denied on the grounds, in sum, that plaintiffs' motion is merely a improper rehashing of the arguments made on summary judgment.

Giles has not presented any evidence of an intervening change in controlling law, any new evidence which was not available at the time of the Court's decision, or any clear error or manifest injustice. Rather, the objections raised by Giles in support of her motion to reconsider are substantially similar to the arguments previously raised in opposition to the defendant's motion for summary judgment. The Court has already given thorough consideration to the arguments presented and the underlying evidence. *American Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir.1985) (cautioning against use of motion to reconsider to allow movant "two bites at the apple"). Accordingly, the motion to reconsider is DENIED.

**DONE** this 13th day of February, 2014.

/s/ Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**